Bill King
Jeanette King
P.O. Box 566
Sac., CA 95812-0566
(916) 222-2187
CenturyPlazaTenantAssociation@gmail.com
Plaintiffs in *Pro Se*


FILED
MAY 18 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL KING; JEANETTE KING,<br><br>        **Plaintiffs**<br>vs.<br><br>BOBBY BOOZER, VIKI HOSTEK, SANDRA BRITTAIN<br>        **Defendants.** | Case Number: 2:15-CV-00691-JAM-AC<br><br>NOTICE OF DISMISSAL<br><br>PURSUANT TO RULE 41(a) OF THE FEDERAL CODE OF CIVIL PROCEDURE<br><br>Hon. John A. Mendez<br>    and<br>Hon. Allison Claire |

**TO ATTORNEYS AND PARTIES WITHOUT ATTORNEYS**

**NOTICE IS HEREBY GIVEN** that the plaintiffs **BILL KING** and **JEANETTE KING** have entered a *Notice of Dismissal* to the clerk of the above listed Court pertaining to the above action filed on April 7, 2015 (Amended Complaint) in the United States District Court of the Eastern District of California, Sacramento Division. This dismissal was submitted to the clerk as is pursuant to Rule 41(a)(1)(A)(i), [no court order needed] of the Federal Code of Civil Procedure, to dismiss action number **2:15-CV-00691-JAM-AC** without prejudice for all claims

against all defendants **BOOZER**, **HOSTEK**, and **BRITTAIN**. In essence, this dismissal terminates the *action*. The purpose of Rule 41(a)(1)(A)(i) is to preserve the plaintiffs' *unilateral* right to dismiss an action in the early stages of litigation. Consequently, the plaintiffs are only required to give notice and are not required to move the court for dismissal.[1] The plaintiffs' right to file a notice of dismissal under Rule 41(a)(1)(A)(i) is absolute[2] and unconditional[3]. The plaintiffs' "motive for filing the notice is irrelevant".[4] Moreover, "the court may not rule on a pending motion to dismiss, and any decision addressing the merits of such a motion is a nullity".[5] Nor "may the court issue any other order resolving the merits of the action".[6] Nor can the court "subsequently give order directing that the dismissal be 'with prejudice' instead of 'without prejudice'", such a change is improper.[7] "The court may not

---

[1] *See*, "No motion required", Cruz-Mendez v. Hospital Gen. Castaner, Inc. 637 F. Supp. 2d 73, 75 (D.P.R. 2009) (because Rule 41(a)(1)(A), permits permission as of right, court's permission is not required). [Quote Moore's, Chp. & p. 41-46].

[2] *See*, "Absolute Right", Carter v. United States, 547 F.2d 258, 259 (5th Cir. 1977) (absolute right to dismissal) [Quote Moore's, Chp. & p. 41-46]. *See*, American Soccer Co., Inc. v. Score First Enters., 187 F.3d 1108, 1110 (9th Cir. 1999) (plaintiff's absolute right to voluntarily dismiss leaves no room for court to take any action [Quote Moore's, Chp. & p. 41-46].

[3] *See*, "Unconditional Right", In re Bath and Kitchen Fixtures Antiturst Litig., 535 F.3d 161, 166 (3d Cir. 2008) (voluntary dismissal under Rule 41(a)(1)(A)(i) is "matter of right" for plaintiff, and may not be extinguished or circumscribed by adversary or court.) [Quote Moore's, Chp. & p. 41-46].

[4] *See*, Thorp v. Scame, 599 F.2d 1169, 1177, n.10 (2d Cir.1979) ("[a]s long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge. Therefore, although the parties fully briefed the question of plaintiff's motivation in availing himself of a [Fed. R. Civ. P. 41(a)(1)(A)(i)] dismissal, we need not choose between their competing analysis") [Quoted Moore's, Vol. 8, Chp. & p. 41-46]..

[5] *See*, Manze v. State Farm Ins. Co., 817 F.2d 1062, 1065-1066 (3d Cir. 1987) (vacating district court's dismissal with prejudice on bad faith claim against insurer) [Quote Moore's, Vol., 8 Chp. & p.41-81].

[6] *See*, "Orders addressing merits void": Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 547-548 (4th Cir. 1993); Williams v. Ezell, 531 F.2d 1261, 1264 (5th Cir. 1976); Foss v. Federal Intermediate Credit Bank of St. Paul, 808 F.2d 657, 659 (8th Cir. 1986) [Quoted Moore's, Vol. 8, Chp. & p.41-81].

[7] *See*, "Dismissal with prejudice improper": Matta-Ballesteros v. United States, 1995 U.S. App. LEXIS 27528, at *3-4 (1st Cir. Sept. 26, 1995) (reversing district court's judgment dismissing of pro se action "with prejudice," which had being [sic] issued in response to plaintiff's filing of notice of dismissal); Youssef v. Tishman, 744 F.3d 821, 823-825 (2d Cir. 2014) (district court had no authority to dismiss plaintiff's action with prejudice based on letter from counsel stating that plaintiff "has decided not to pursue this matter any further"); Williams v. Ezell, 531 F.2d 1261, 1264 (5th

prohibit the filing of a timely notice of dismissal[8] or vacate a properly filed notice."[9]

"The right to dismiss under Rule 41(a)(1)(A)(i) is not extinguished by reference of the action to a magistrate, even when the magistrate holds an evidentiary hearing or recommends a dismissal on the merits".[10]

## Defendants Motion to Dismiss Does Not Extinguish Plaintiffs' Right to Notice of Dismissal

Rule 41(a)(1)(A)(i) states, in pertinent part:

> (a) VOLUNTARY DISMISSAL.
> (1) *By the Plaintiff.*
>
> (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party *serves* either an *answer* or a *motion for summary judgment*; [Emphasis added].

Consequently, if the notice of dismissal meets the guidelines of Rule 41(a)(1)(A)(i), then the clerk to the Court should enter the voluntary notice of dismissal without gratuitous delay and without the Court's formal order.

---

Cir. 1976) (reversing order which reinstated prior dismissal with prejudice), et al [Quote Moore's, Vol. 8, Chp. & p. 41-82].

[8] *See*, "Court may not prohibit dismissal by notice." Williams v. Ezell, 531 F.2d 1261, 1263 (5th Cir. 1976) (court refused to preclude dismissal). [Quote Moore's, Vol. 8, Chp. & p. 41-47].

[9] *See*, "Court may not vacate notice of dismissal." Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 545 (4th Cir. 1993) (beyond discretion of court). [*Id.*].

[10] *See*, "Reference to Magistrate", Cooney v. William Robinson Dairy, Inc., 744 F. Supp. 841, 843 (N.D. Ill. 1990) (permitting voluntary dismissal as against defendant whom magistrate had already recommended a dismissal on the merits, where that defendant had never been served and had not appeared, even though other defendants had briefed issue of liability on behalf of the non-appearing defendant). *See*, Foss v. Federal Intermediate Credit Bank of St. Paul, 808 F.2d 657, 658-660 (8th Cir. 1986) (notice of dismissal effective even though magistrate conducted an evidentiary

## Defendants Motion to Dismiss Not Formally Converted

The defendants' (**BOOZER, HOSTEK, BRITTAIN**) motion to dismiss has not been *formally* converted by the Court to a summary judgment, nor does the defendants' motion to dismiss actually bring in new extrinsic facts to the case; consequently, the defendants' motion to dismiss should be ignored and not *formally* converted by the Court to a summary judgment.

On the other hand, Rule 41(a)(1)(A)(i) prevails and permits dismissal of the case without prejudice, and without a Court order, and is considered perfected by the plaintiffs merely filing said notice to dismiss with the clerk to the Court in a timely manner and serving said notice to the defendants **BOOZER, HOSTEK**, and **BRITTAIN** and/or their attorneys, if any.

## Court Formal Conversion Required

It is the plaintiffs' contention that the plaintiffs' right to a voluntary dismissal is not extinguished by the defendants' filed motion to dismiss under Fed. R. Civ. P. 12(b). In re Bath and Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 166 (3d Cir. 2008) found that the motion to dismiss under Rule 12(b)(6) was determined to not convert to neither an answer nor motion for summary judgment, and consequently, "such filings generally do not cut off plaintiffs' right to dismiss by notice".

---

hearing on the date, purpose, amount and security for each of plaintiffs' loans and issued a proposed order concluding the complaint lacked merit and should be dismissed). [Quote Moore's, Chp. & p. 41-77].

Moreover, a notice of dismissal may be filed despite the defendants' service of a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and/or a motion for failure to state a claim under Rule 12(b)(6), or a motion combining such Rules, as is found in the defendants motion to dismiss. This is so because until the defendants' motion to dismiss is *formally* converted, the plaintiffs' notice of dismissal will take priority and can be deemed timely and effective.[11]

### Formal Conversion by Court Required

In fact, Rule 12(d) mandates *formal* conversion by the Court; for which, the current defendants' motion to dismiss neither infers, nor explicitly states, the alternative of a summary judgment. <u>Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp.</u> 109 F.3d 993, 996 (4th Cir. 1997) stated that the: "mere submission [or service] of extraneous materials does not convert Fed. R. Civ. P. 12(b)(6) motion into a motion for summary judgment" (Quoting Moore's, Vol. 8, Chp. 41).

Additionally, in <u>Berthold Types Ltd. v. Adobe Sys. Inc.</u>, 242 F.3d 772, 776 (7th Cir. 2001) the:

> . . . court rejected defendant's argument that its motion to dismiss was really summary judgment motion because counsel relied on and attached materials outside complaint, and court found that plaintiff would not be precluded from filing notice of dismissal until court *actually* considered extraneous materials" (Emphasis added; Quoting Moore's, Vol. 8, Chp. 41).

---

[11] *See*, In re Bath and Kitchen Fixtures Antitrust Litig., 535 F3d 161, 165-166 (3d Cir. 2008) (district court improperly vacated plaintiff's notice of dismissal based on defendant's filing of Rule 12(b)(6) motion to dismiss because Rule 12(b)(6) motion is neither answer nor summary judgment motion, which are defendant's only two options for cutting off plaintiff's right to end case by notice of dismissal.) [Quoted Moore's, Vol. 8, Chp. & p. 41-47].

Furthermore, in the defendants' motion to dismiss, there are no affidavits, nor were there any other materials which raise facts outside the plaintiffs' pleading; the relevant facts pertaining to the plaintiffs' complaint are found in the plaintiffs' pleading either explicitly through the referenced exhibits, or by inference from the exhibits themselves. Furthermore, numerous facts can be brought in through witness testimony not found within the pleading. It appears that the defendants' legal counsel failed to *critically* read *any* of the exhibits submitted by the plaintiffs; for if he did, he would have discovered that many of the defendants' criticisms alleging lacking *facts* to support the claims, turn out to be fallacious criticisms in the form of straw man arguments.

In Terry v. Pearlman, 42 F.R.D. 335, 337 (D. Mass. 1967) states

> . . . the affidavit presents no material facts that are not alleged explicitly or by necessary *inference* in the verified complaint or that conflict in any way with the facts alleged in the complaint . . . I therefore rule that the filing of the motion to dismiss presented no bar to the effectiveness of the notice of dismissal [Emphasis added].

Besides, even if the defendants were able to file affidavits, then any affidavits that merely attack the legal sufficiency of the complaint, without introducing extrinsic facts (which is what appears to be the case with the defendants' motion to dismiss), will not transform the motion into one for summary judgment under Rule 41 purposes.[12]

---

[12] *See*, Sequa Corp. v. Gelmin, 1993 U.S. Dist. LEXIS 15109, at *2 (S.D.N.Y. Oct. 26, 1993) where one finds that even with the affidavit, the Court still did not convert the motion to a summary judgment.

Moreover, even if the Court, after potential review on June 3, 2015, believes the defendants' motion to dismiss is convertible, that *action* by the Court will not take place, or be argued out, until June 3, 2015 at 10:00 a.m.; consequently, the plaintiffs' entry of notice of dismissal is still timely and absolute, for the Court has not even considered the defendants motion to dismiss yet.

### Four Criteria Required For Court Conversion

Likewise, on the aforementioned point, there is no evidence in the defendants' filed motion to dismiss that there is any intent to *formally* convert the motion to dismiss to a motion for summary judgment or an answer.[13]

> A *court-ordered conversion* is *required*: thus, [the plaintiffs] *notice of dismissal* may be vacated *only* if filed *after* the time that the court has
> [1] *actually* reviewed the *motion to dismiss*,
> [2] *determined* whether to include or exclude the extraneous matters
> [3] *notified* the parties of the conversion to Rule 56, and
> [4] *expressly* afforded the parties a reasonable opportunity to present materials *relevant to a motion for summary judgment* (Emphasis added, Quote Moore's, Vol. 8, Chp. & p. 41-67).

The four (4) listed required criteria to obtain a formal conversion by the Court from a motion to dismiss to a motion for summary judgment, have not yet been considered by the Court herein (June 3, 2015); hence, the plaintiffs' voluntary notice

---

[13] *See*, Lodge No. 5 of the Fraternal Order of Police v. City of Philadelphia, 1995 U.S. Dist. LEXIS 14782, at *3 (E.D. Pa. Oct. 6, 1995), where it is stated: "no conversion where motions all styled 'motion[s] to dismiss,' when the attached forms of orders sought dismissal only and not summary judgment in the alternative, and when, although court did not exclude matters outside the pleadings, it did not specifically afford the parties an opportunity to present all material pertinent to motion for summary judgment" [Quote Moore's, Vol. 8, Chp. 41].

of dismissal is still timely and should be reviewed and immediately granted upon submission to the clerk, and without Court order.[14]

As a result of the aforementioned arguments, if the defendants' motion to dismiss is not formally converted by the Court to an *Answer* or *Motion for Summary Judgment*, **prior** to the plaintiffs filing their notice of dismissal, then the defendants' motion to dismiss is to be ignored and the notice of dismissal submitted by the plaintiffs takes priority, and as such, is to be immediately implemented upon filing to the clerk and without Court order, as though the action was never brought in the first place.[15]

Dated: May 18, 2015　　　　　　　　　　　　　　Respectfully Submitted,

By: _____
Bill King, *Pro Se*

By: _____
Jeanette King, *Pro Se*

---

[14] *See*, Activox, Inc. v. Envirotech Corp., 85 F.R.D. 132, 134 (S.D.N.Y. 1980) states: "at the time plaintiff filed its voluntary dismissal, defendants' motion could not have been converted into a motion for summary judgment, since the Court had not even examined that motion to determine whether the affidavits would be excluded from consideration, and since plaintiff had not been given the opportunity to present all material pertinent to a summary judgment motion as required by Rule 12(b)(6)" [Quote Moore's, Vol. 8, Chp. & p. 41-67].

[15] *See*, National R.R. Passenger Corp. v. International Ass'n of Machinists & Aerospace Workers, 915 F.2d 43, 48 (1st Cir. 1990) (result is as if action never brought) [Quote Moore's, Vol. 8, Chp. 41].

# PROOF OF SERVICE BY MAIL

I, Marcia Parlante, declare that:

I am a citizen of the United States, over the age of eighteen (18) years and not a party to this action. I am a resident of the County of Sacramento and a resident of the City of Sacramento.

On May 18, 2015, I served a copy of <u>Notice of Dismissal: Pursuant to Rule 41(a) of the Federal Code of Civil Procedure for case no. 2:15-CV-00691-JAM-AC</u>, in the above matter by placing a copy of the originals thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as follows:

Mr. Bobby G. Boozer
3921 Knollwood Court
Sacramento, CA 95821

Brittain Commercial
ATTN: Sandra Brittain
1435 River Park Drive, STE 510
Sacramento, CA 95815-4509

Viki Hostek
1928 Ethan Way, #31
Sacramento, CA 95825-0973

Law Offices of Rosenberg & Link
ATTN: Sid Rosenberg
725 30th St., STE 107
Sacramento, CA 95826

I declare under penalty of perjury that the foregoing is true and correct. Executed at Sacramento, California, on May 18, 2015.

_____
Marcia Parlante